UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SHANE KERVIN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14-CV-379 JM |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Shane Kervin, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 11.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

This is Kervin's third attempt to assert his claims. The present pleading (like his earlier ones) is not a model of clarity, but it can be discerned that he is complaining about disciplinary proceedings at Miami Correctional Facility ("Miami") in which he

was found guilty of threatening, disruptive behavior, and possession of an unauthorized electronic device. As a result of these proceedings Kervin spent time in disciplinary segregation, temporarily lost phone and commissary privileges, and ultimately lost his prison job. He sues various prison staff members who were involved in the proceedings, including the hearing officers, the individuals who decided his appeals, the assistant superintendent, and the superintendent of the facility. He alleges numerous "due process" violations by these officials, including that they denied him evidence, denied him the proper assistance of a lay advocate, mishandled his administrative appeals, and broke a promise about returning his radio if he agreed to plead guilty to one of the offenses.[1] He seeks compensatory damages as well as various forms of declaratory relief.

The Fourteenth Amendment Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Id.* Temporary placement in the segregation unit does not present an atypical, significant deprivation and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485.

---

[1] An attachment reflects that the radio that was confiscated from Kervin was not returned to him because it bore the IDOC number of another inmate. (DE 11 at 31.)

2

Here, the complaint reflects that Kervin spent short periods of time in segregation (less than 60 days in each instance) as a result of these offenses. (DE # 11 at 39-41.) Under *Sandin*, Kervin's short-term assignment to disciplinary segregation did not give rise to a protectible liberty interest. *See, e.g., Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009) (term of segregation less than six months generally does not trigger liberty interest); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (90-day period in segregation did not trigger liberty interest); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (sentence of six months in segregation did not trigger a liberty interest). Nor would the temporary loss of his phone and commissary privileges, or the loss of his prison job. *See Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause."); *Dewalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (prisoners have neither liberty nor property interests in their prison work assignments). Accordingly, his allegations do not state a plausible due process claim.

Kervin also appears to claim that he was placed in segregation for retaliatory reasons in violation of his First Amendment rights. "An act taken in retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for a different reason, would have been proper." *Lekas*, 405 F.3d at 614. In other words, even though Kervin did not have a liberty interest in remaining in the general prison population, he could not be placed in segregation simply for exercising his First

Amendment rights. To prevail on a First Amendment retaliation claim, a prisoner must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Here, Kervin claims that Sergeant Gapski (first name unknown) put him in segregation because he was angry he had to let Kervin go to a visit from an attorney.[2] Kervin is somewhat vague in describing this incident, despite being told to provide as much detail as possible. He does allege that on the date in question, he hit the intercom and told Sergeant Gapski that he had a scheduled visit from an attorney. He apparently wanted to be released from the day room so he could return to his cell and change clothes for the visit. Sergeant Gapski told him he could not leave the day room at that time. Kervin responded by pushing the intercom again and telling Sergeant Gapski that he "had to" let him go. After further discussions Sergeant Gapski eventually let him go, but later charged him with threatening.

It is clear from the above that Kervin does not allege he was punished for using the grievance process or some other type of protected activity. It is also clear that he was not punished for visiting with an attorney. Rather, he was punished for demanding to be let out of the day room after Sergeant Gapski told him he could not leave. An

---

[2] Kervin does not provide any information about why he was meeting with an attorney. He does make clear that he ultimately went to the visit without incident. (DE # 11 at 11.)

inmate's oral complaint about a purely personal matter is not the type of speech protected by the First Amendment. *See McElroy v. Lopac,* 403 F.3d 855, 858-59 (7th Cir. 2005); *Stanley v. Litscher,* 213 F.3d 340, 343 (7th Cir. 2000). Moreover, it is clear from Kervin's own description of this incident that he failed to obey a direct order issued by Sergeant Gapski and attempted to assert authority over the officer. "[I]nmates cannot be permitted to decide which orders they will obey, and when they will obey them[.]" *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). "When an inmate refuses to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials [which] . . . places the staff and other inmates in danger." *Id.* Kervin has not plausibly alleged that he engaged in protected First Amendment activity when he demanded to be let out of the day room.

Even if Kervin could satisfy the first prong, the attachments show that he received a written reprimand and lost telephone and commissary privileges for a period of 30 days as a result of this incident. (DE # 11 at 39.) The court cannot conclude that a reprimand or a temporary loss of these privileges would cause an ordinary inmate to forego visits from an attorney in the future. *See Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person

of ordinary firmness from that exercise[.]"). Accordingly, his allegations fail to state a plausible First Amendment claim.[3]

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: July 9, 2014

                      s/James T. Moody
                      JUDGE JAMES T. MOODY
                      UNITED STATES DISTRICT COURT

---

[3] Kervin mentions in passing that someone named "Mrs. Dawson" has not been providing him proper medical care. (DE # 11 at 14.) He does not list Mrs. Dawson as a defendant, and even if he did, he could not raise unrelated claims pertaining to his medical care in a lawsuit pertaining to disciplinary infractions. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, this opinion does not purport to adjudicate any claim Kervin may have regarding his medical care.